IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent | § | |
| | § | |
| v. | § | Cr. No. C-98-213 |
| | § | C.A. No. C-05-281 |
| HERMENEGILDO PATLAN, | § | |
|     Defendant-Movant | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING IN PART
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
UNSEALING MOTION, AND SEVERING AND TRANSFERRING MOTION**

Pending before the Court is Hermenegildo Patlan's ("Patlan") motion for relief pursuant to 28 U.S.C. § 2255, filed July 29, 2004. (D.E. 46).[1] In that motion, Patlan appears to be challenging both: (1) his first revocation of supervised release, which was imposed by this Court in August 2002; and (2) his second revocation of supervised release, which was imposed by United States District Judge Ewing Werlein, Jr., after an intra-district transfer to Houston. (D.E. 43, 45).

Patlan's motion lists five grounds for relief. In the first two, which are related, Patlan claims that he was denied his right to appeal the judgment in his first revocation proceeding because his appointed counsel refused to give him copies of his documents so that he could give them to another attorney to appeal.

---

[1] Docket entry references are to the criminal case.

1

In his third claim, he claims that his second revocation is actually his first. (He does not offer any explanation for this conclusion.) Because it is "actually" his first revocation, he argues that he should have been sentenced only to a three-month term of imprisonment, and that Judge Werlein's imposition of a nine-month term of imprisonment has resulted in him being unlawfully detained.

In his fourth claim, he argues that the sentence imposed by Judge Werlein was enhanced based on his prior criminal history and that none of his convictions were proven beyond a reasonable doubt. Thus, he claims that his sentencing violated his rights, relying on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

His fifth claim alleges that his "conviction" was obtained by a violation of the protection against double jeopardy. In support of this claim, he points to the documentation that he says refers to the case number herein, C-98-213, ***and*** to H-98-213.[2]

For the reasons set forth herein, the Court DENIES IN PART Patlan's motion, because the claims raised therein that relate to his first revocation proceedings -- his first and second claims -- are barred by the applicable statute of limitations. As to his remaining three claims, they are properly resolved by Judge Werlein, who imposed the challenged sentence. Thus, the Court severs that part of the motion and transfers the motion to Judge Werlein in the Houston Division, where it can be docketed as a separate civil action.

---

[2] Any confusion as to the correct case number was likely caused by the intra-district transfer of Patlan's second revocation proceedings from the Corpus Christi Division to the Houston Division. It is undisputed that Patlan was not sentenced in a separate criminal proceeding arising out of Houston; rather, his second revocation proceedings arising in C-98-cr-213 were handled in Houston.

## I. BACKGROUND

On August 19, 1998, Patlan pleaded guilty to the single-count indictment against him, which charged him with knowingly and intentionally possessing with intent to distribute approximately 75 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (D.E. 5, 6). He was sentenced on October 28, 1998 to 33 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and a $100 special assessment. (D.E. 10, 11). He did not appeal.

On July 4, 2002, the Probation Office filed a petition to revoke Patlan's supervision. (D.E. 12). After holding a hearing, the Court determined that Patlan violated the terms of his supervised release, and sentenced him to 90 days custody in the Bureau of Prisons, to be followed by a 30-month supervised release term. (D.E. 21). Judgment of revocation was entered August 21, 2002. (D.E. 23).

On April 9, 2003, the Probation Office again filed a petition to revoke Patlan's term of supervision. (D.E. 25). Patlan avoided arrest until March 2005, and made his initial appearance for these second revocation proceedings on March 24, 2005. (D.E. 26). A superceding petition was filed (D.E. 29) and this Court subsequently transferred the revocation proceedings to the Houston Division. (D.E. 36). On May 13, 2005, Judge Werlein held a revocation proceeding and revoked Patlan's supervised release. He was sentenced to 9 months in the custody of the Bureau of Prisons, to be followed by a 24-month period of supervised release. (D.E. 43, 45). He did not appeal.

## II. ANALYSIS

The revocation of supervised release is a sentence, see United States v. Moody, 277 F.3d 719 (5th Cir. 2001), and is thus properly challenged in a motion under 28 U.S.C. § 2255.  28 U.S.C. § 2255 (a prisoner claiming that "the sentence was imposed in violation of the Constitution or laws of the United States" may move the court which imposed the sentence to vacate, set aside or correct the sentence).  Thus, Patlan's motion is correctly styled as a § 2255 motion.

### A.   Claims One and Two

As noted in the introduction of this Order, Patlan's first and second claims allege that he was denied effective assistance of counsel and denied his right to appeal the judgment revoking his supervised release that this Court imposed on August 20, 2002.  As is obvious from his allegations, Patlan did not appeal from that judgment.

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255.  The

---

[3]   The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). At the time that Patlan's first judgment of revocation was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect at that time, then, ten days after August 21, 2002 was August 31, 2002, which was a Saturday. The next regular business day (because of the Labor Day holiday on Monday, September 2, 2002) was September 3, 2002. In this case, Patlan did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on September 3, 2002. He had one year from that date, or until September 3, 2003, to file his § 2255 motion.

Patlan's § 2255 was received by the Clerk on July 29, 2005 and was dated July 22, 2005. Thus, his motion was filed nearly two years late and is untimely.

---

[4] At the time the judgment was entered against Patlan, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

5

The limitations period for § 2255 motions is not considered a jurisdictional bar, but the limitations period is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003)(quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Patlan's motion does not argue for the application of the doctrine of equitable tolling, nor does the motion provide any facts that would support the doctrine's application. Accordingly, the undersigned concludes that Patlan's failure to file his § 2255 motion within the one-year limitations period requires that the claims relating to his first revocation proceedings be dismissed with prejudice as time-barred.

**B.     Claims Three, Four, and Five**

As to Patlan's remaining claims, the undersigned is not the appropriate judge to resolve them. While jurisdiction over Patlan's § 2255 motion is proper in the Southern District of Texas, Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997), the claims involving his second supervised release revocation are more properly resolved by the judge who imposed the sentence he is challenging. See Rule 4(a), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("2255 Rules")(if the judge who imposed sentence was not the trial judge, 2255 motions should be sent to the "judge who conducted the proceedings being challenged").

As noted, the undersigned imposed Patlan's original conviction and sentence, as well as the first judgment revoking his supervised release. (D.E. 18).  His second revocation of supervised release, however, was imposed by Judge Werlein in the Houston Division after an intra-district transfer. (D.E. 45).  Accordingly, the three claims that relate to that proceeding should be resolved by Judge Werlein, not this Court.  See Rule 4(a), 2255 Rules. Accordingly, those three claims are hereby SEVERED from his first two claims and should be treated as a separate and independent motion pursuant to Section 2255.  See Rule 2(d), 2255 Rules ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.").  The Clerk is directed to send a copy of Patlan's § 2255 motion and this Order to the Houston Division of the Southern District, so that the severed claim may be resolved by Judge Werlein.  The Houston Division can assign a new civil action number to the severed portion of the § 2255 motion, and the instant civil action should be closed.

### III.  CONCLUSION

For the foregoing reasons, the first two claims in Movant's motion to vacate, set aside or correct his sentence are DENIED as time-barred and DISMISSED WITH PREJUDICE.  The remainder of his motion (i.e., his third, fourth, and fifth claims) is hereby SEVERED and is TRANSFERRED to the Houston Division, where it should be docketed

as a separate civil action. Finally, the Clerk is also directed to unseal Patlan's motion, which was sealed at his request, but which contains nothing that requires sealing.

ORDERED this 10th day of August, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE